U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

FILED

SEP - 9 2008

CLERK, U.S. DISTRICT COURT
By _____
                    Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

MICHAEL MCDADE,                 §
                                §
            Movant,             §
                                §
VS.                             §    NO. 4:08-CV-376-A
                                §    (NO. 4:05-CR-099-A)
UNITED STATES OF AMERICA,       §
                                §
            Respondent.         §

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of Michael McDade
("McDade") under 28 U.S.C. § 2255 to vacate, set aside, or
correct sentence.  Having reviewed the motion, McDade's
memorandum, the government's response with appendix, the record,
and applicable legal authorities, the court concludes that the
motion should be denied.

I.

Background

On June 15, 2005, McDade was charged in both counts of a
two-count indictment.  Count One charged McDade with bank robbery
in violation of 18 U.S.C. § 2113(a). Count Two charged him with
using and carrying a firearm during and in relation to a crime of
violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  Attorney
Rex Barnett ("Barnett") was appointed as McDade's counsel on July
22, 2005.  On September 12, 2005, McDade proceeded with a two-day
jury trial that resulted in a mistrial.  On October 11, 2005,

1

McDade was retried to a jury and found guilty on both counts of the indictment. On January 27, 2006, the court sentenced McDade to a sentence of 180 months and a five-year term of supervised release. The United States Court of Appeals for the Fifth Circuit affirmed McDade's conviction and sentence on March 14, 2007. United States v. McDade, 224 Fed. App'x. 321 (5th Cir. 2007). McDade timely filed a motion seeking relief under 28 U.S.C. § 2255. The court ordered McDade to file an amended motion, which McDade filed June 27, 2008.

## II.

## Grounds of the Motion

McDade asserts that the legal representation given by Barnett, his trial and appellate counsel, violated his right to effective assistance of counsel. He argues that Barnett was ineffective as trial counsel because he failed to: (1) undertake particular investigations; (2) interview potential defense witnesses; (3) adequately present evidence at McDade's retrial; (4) utilize effective trial tactics and strategy; (5) move for recusal; and (6) move for a judgment of acquittal.[1] According to McDade, these failures, viewed cumulatively, support an ineffective assistance of counsel claim. McDade argues that Barnett was ineffective as appellate counsel because he failed to raise on appeal: (1) a claim that hearsay testimony was admitted

---

[1]McDade divides each of these grounds into separate grounds for relief. The court consolidates these grounds because the analysis is identical.

at trial; and (2) a claim of ineffective assistance of trial counsel.

III.

Standard of Review

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232. Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. 1981). Conclusory allegations are insufficient to prove a claim of ineffective assistance of counsel. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

To prevail on his ineffective assistance of counsel claim, McDade must show that (1) Barnett's performance fell below an objective standard of reasonableness and (2) there is a

3

reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). This standard applies regardless of whether the movant plead guilty or not guilty. Hill v. Lockhart, 474 U.S. 52, 58 (1985). Both prongs of the Strickland test must be met to demonstrate ineffective assistance. Strickland, 466 U.S. at 687. Judicial scrutiny of this type of claim must be highly deferential, and the movant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689. Counsel's decision regarding trial tactics and strategy cannot support a claim for ineffective assistance of counsel unless "it is so ill chosen that it permeates the entire trial with obvious unfairness." Cotten v. Cockrell, 343 F.3d 746, 752-53 (5th Cir. 2003) (citations omitted). Further, "[a] court need not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one." United States v. Stewart, 207 F.3d 750, 751 (2000). To prevail on a claim of ineffective assistance of appellate counsel, McDade would have to prove both that Barnett's legal representation was objectively unreasonable and that, but for Barnett's unreasonable failure, there is a reasonable probability McDade would have prevailed on his appeal. See Smith v. Robbins, 528 U.S. 259, 285 (2000).

McDade is not entitled to relief based on the alleged ineffective assistance of Barnett because he has not shown that

Barnett's performance fell below an objective standard of reasonableness, nor has he shown that there is a reasonable probability that, but for Barnett's alleged failures, the result of the proceedings would have been different. See Strickland, 466 U.S. at 687.

A. Failure to Investigate

McDade asserts that he was denied effective assistance of counsel because Barnett failed to investigate: (1) an unnamed witness subpoenaed by the government; (2) an alternate suspect to the robbery; and (3) McDade's cell phone records.

"Defense counsel is not required to investigate everyone whose name happens to be mentioned by defendant." Schwander v. Blackburn, 750 F.2d 494, 500 (5th Cir. 1985) (citations omitted). Counsel's decision about a particular investigation "must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." Strickland, 466 U.S. at 691. Petitioner must "allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989).

McDade does not show that he was prejudiced by Barnett's decision not to pursue these particular investigations. McDade fails to show how these investigations would have altered the trial's outcome.[2] See Green, 882 F.2d at 1003. McDade's

---

[2]While pro se habeas corpus petitions must be construed liberally, McDade is represented by counsel. See Guidroz v. Lynaugh, 852 F.2d 832, 834 (5th Cir. 1988).

conclusory statement that "[t]he prejudice . . . is obvious" is insufficient. See Miller, 200 F.3d at 282; Def.'s Mem. 24. Insofar as McDade's brief can be construed to allege prejudice, this court finds that Barnett's decision not to pursue these investigations was not objectively unreasonable in light of all the circumstances. Strickland, 466 U.S. at 688. Accordingly, McDade's contention that Barnett failed to investigate the above-mentioned records and people is not a basis for an ineffective assistance of counsel claim.

B.  Failure to Interview Witnesses

McDade asserts that Barnett should have interviewed: (1) Sean Fisher ("Fisher"), McDade's former parole officer; (2) Marcie Hearn ("Hearn"), McDade's parole officer at the time of McDade's trial; (3) James Mayo ("Mayo"), a bank teller who witnessed the robbery; and (4) Edna Chiles ("Chiles"), McDade's aunt.[3]

McDade alleges prejudice only as to Barnett's failure to interview Chiles. The court need not evaluate whether McDade was prejudiced, however, because the record reflects that this allegation is wholly without merit. At McDade's retrial, Barnett called Chiles, who testified that she spoke to McDade on his cell phone the morning of the robbery. Retrial Tr. 157, Oct. 11, 2005. Because this court finds that Barnett did interview Chiles, this

---

[3]This court assumes that Edna Chiles is "the receiver of McDade's telephone call." Def.'s Mem. 22. If petitioner refers instead to someone else, this court rejects this claim as a conclusory allegation. See Alexander v. McCotter, 775 F.2d 595, 602 (5th Cir. 1985).

allegation cannot serve as a basis for McDade's ineffective assistance of counsel claim.

As to McDade's other claims, McDade fails to show that he was actually prejudiced by Barnett's decision to not interview these witnesses. Nevertheless, this court finds that Barnett's decision to not interview these witnesses was not objectively unreasonable and was supported by reasonable trial strategy. See Cotten, 343 F.3d at 753. Barnett's decision not to interview these individuals cannot serve as a basis for McDade's ineffective assistance of counsel claim.

C.   Failure to Present Evidence

McDade contends that he was denied effective assistance of counsel because Barnett failed to present the following evidence at McDade's trial: (1) testimony that Fisher did not think the bank surveillance photo looked like McDade; (2) a discrepancy between the eyewitness's description of the bank robber's weight and McDade's actual weight; (3) testimony and a report from a handwriting expert; (4) Mayo's previous misidentification; and (5) an alternate suspect to the bank robbery.

"[C]omplaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative." Schwander v. Blackburn, 750 F.2d 494, 500 (5th Cir. 1985) (citations omitted). Counsel's decision not to present cumulative evidence is not ineffective

assistance.  See Coble v. Quarterman, 496 F.3d 430, 436 (5th Cir. 2007).

### 1.    Fisher's Prior Identification

McDade suggests that Fisher's testimony should have been presented at trial.  However, McDade concedes this decision "might be a strategic decision."  Def.'s Mem. 18.  This court finds that Barnett's decision was a reasonable decision based on trial strategy.  Barnett explained in his affidavit that the potential harm of introducing McDade's former parole officer was not outweighed by Fisher's testimony that he did not think the bank surveillance photo, the same photo evaluated by the jury, looked liked McDade.  Barnett Aff. 2-3.  Barnett's decision to not introduce Fisher's testimony at trial is not a basis for McDade's ineffective assistance of counsel claim.  See Cotten, 343 F.3d at 752-53.

### 2.    Defendant's Weight

McDade asserts that Barnett should have emphasized at retrial the discrepancy between the eyewitness's description of the bank robber's weight and McDade's actual weight by introducing testimony, a letter from the Federal Public Defender's Office, and jail booking forms into evidence at trial. McDade does not assert that he was prejudiced by Barnett's decisions regarding the weight discrepancy.  Notwithstanding, the record reflects that this allegation is without merit. Barnett elicited testimony from three different witnesses regarding McDade's weight. Retrial Tr. 155, 173, 181.  Barnett was not

required to supplement this testimony with the letter and jail booking forms. See Coble, 496 F.3d at 436. This court finds that Barnett's treatment of McDade's weight at trial was based on reasonable trial strategy and cannot serve as the basis for McDade's ineffective assistance of counsel claim. See Cotten, 343 F.3d at 752-53.

### 3. Handwriting Expert Testimony

McDade contends that Barnett should have introduced at trial testimony and a report from a handwriting expert stating that the handwriting on the note used during the bank robbery and McDade's sample handwriting were not a match. McDade loosely contends that, had Barnett introduced the expert's testimony, the jury would not have returned a guilty verdict.

McDade fails to show he was prejudiced by Barnett's decision not to call the handwriting expert. Barnett states that the handwriting expert revisited her initial conclusion before trial and decided that she could not conclusively testify that the note was not written by McDade. Barnett Aff. 4. It is unreasonable to assume that, had the handwriting expert testified that she could not conclusively testify that the note was not written by McDade, a jury would not have convicted McDade. This is further supported by the fact that jury members were given the opportunity to examine both handwriting samples themselves. Thus, Barnett's decision not to introduce the handwriting expert's testimony cannot serve as a basis for McDade's ineffective assistance of counsel claim.

## 4. Eyewitness's Previous Misidentification

McDade asserts that Mayo previously identified someone else in a photo line-up as the bank robber. Barnett did not question Mayo about this previous identification at McDade's retrial. McDade asserts that, had Barnett impeached the bank teller concerning this previous identification, the jury would not have convicted McDade.

Barnett explained in his affidavit that before identifying McDade, the police received an anonymous tip that the person in the bank surveillance photo looked like someone other than McDade. Barnett Aff. 5. The police presented a picture of this person to Mayo, the bank teller, who said the photo "looked something" like the robber, but then later was able to positively identify McDade as the bank robber when presented with a second photo line-up. Id. Barnett stated that, based on Mayo's testimony, tone, and attitude at the first trial, questioning Mayo about the first photo line-up only strengthened Mayo's identification testimony. Id. Barnett's statements are supported by the record. Barnett's decision not to question Mayo about the previous identification was not objectively unreasonable. See Strickland, 466 U.S. at 688.

Further, McDade fails to show he was prejudiced. In the second trial, each member of the jury was given the opportunity to study the bank surveillance photo. It is not reasonably probable that Barnett's impeachment would have resulted in a different outcome from the jury. Id. at 694. Thus, this claim

cannot serve the basis for McDade's ineffective assistance of counsel claim.

     5.   <u>Testimony Regarding an Alternate Suspect</u>

McDade alleges that there was another suspect that law enforcement believed may have committed the bank robbery for which McDade was convicted. McDade asserts that Barnett should have inquired about this alternate suspect at trial so the jury would have been aware of him. McDade concludes that the different outcomes at his first and second trials illustrate that, had Barnett inquired about this alternate suspect, the jury's decision would have been different.

Barnett's decision was one of reasoned trial strategy. Among other reasons, Barnett explained "I wanted my case to be direct and believable to the jury, and did not want to be perceived as trying to using [sic] 'smoke and mirrors.'" Barnett Aff. 5. Because Barnett's decision not to mention an alternate suspect was one of reasoned trial strategy, it cannot serve the basis for McDade's ineffective assistance of counsel claim. <u>See Cotten</u>, 343 F.3d at 752-53.

D.   <u>Failure to Implement Satisfactory Trial Tactics</u>

McDade complains of a variety of Barnett's tactical decisions, including failing to: (1) sufficiently attack Hearn's and Mayo's credibility; (2) object to the introduction of an anonymous crime stoppers tip; (3) move to strike or request a limiting instruction regarding the government's statement that defendant failed a urinalysis test; and (4) object to or request

11

a limiting instruction for Hearn's testimony regarding the capacity to which she supervised McDade.

McDade again fails to allege he was prejudiced by any of these decisions. Further, this court finds that each of Barnett's decisions was the result of reasoned trial strategy. See id. Thus, these decisions cannot form the basis for McDade's ineffective assistance of counsel claim.

E.   Failure to Move for Recusal

McDade asserts that Barnett should have moved for the judge to recuse himself at the second trial because: (1) this court told the first jury he thought they had erred; (2) this court considered admitting evidence that Hearn was McDade's parole officer; (3) this court considered allowing evidence that McDade's picture used in the photo identification line-up was a "mug shot" on file with the police department; and (4) this court considered not allowing police testimony that there was an alternate suspect in McDade's case.

"Opinions formed by the judge on the basis of facts introduced or events occurring in the course of . . . prior proceedings do not constitute a basis for [recusal] unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky v. United States, 510 U.S. 540 (1994). Again, McDade does not allege that, had Barnett moved for recusal, the result of McDade's trial would have been different. See Strickland, 466 U.S. at 694. For all the reasons

12

set forth in the government's response, McDade fails to show he was prejudiced. Gov't. Resp. 12.

F.  Failure to Move for a Judgment of Acquittal

McDade argues that Barnett's legal services denied him effective assistance of counsel because Barnett did not move for a judgment of acquittal during the trial. McDade asserts that this court "might" have granted the motion and that, regardless, the issue would have been preserved for appeal.

"Counsel is not required to make wholly frivolous arguments." United States v. Simmons, No. 97-40678, 1998 WL 224564, at *2 (5th Cir. Apr. 21, 1998). McDade fails to show he was prejudiced by Barnett's failure to move for a judgment of acquittal. McDade's assertion that this court "might" have granted the motion is far from the "reasonable probability" standard required by Strickland. 466 U.S. at 694. Nevertheless, there is no reasonable probability that, had Barnett moved for a judgment of acquittal, this court would have granted such motion. Further, even if the issue had been preserved on appeal, there is no reasonable probability that McDade would have prevail on his appeal. On direct appeal, the 5th Circuit stated, "there was strong evidence identifying McDade as the bank robber." 224 Fed. App'x. 321, 324 (5th Cir. 2007). Because McDade fails to show he was prejudiced by Barnett's failure to move for a judgment of acquittal, this claim cannot serve as the basis for McDade's ineffective assistance of counsel claim.

G.   Totality of the Circumstances

McDade asserts that, given the totality of the circumstances alleged in his memorandum, the cumulative errors committed at trial denied him ineffective assistance of counsel.  For all the reasons stated _supra_, this court finds that McDade has failed to show he was prejudiced by any of Barnett's actions. Viewing the record as a whole, this court finds that McDade was not denied ineffective assistance of counsel.

H.   Failure of Appellate Counsel to Raise Issues on Appeal

Finally, McDade contends that Barnett's legal services denied him effective assistance of appellate counsel because Barnett did not raise: (1) an issue regarding hearsay statements from an anonymous tip; and (2) an issue that Barnett himself was ineffective trial counsel.

Appellate counsel has no duty to bring frivolous claims on appeal; the opposite is true.  See United States v. Burleson, 22 F.3d 93, 95 (5th Cir. 1994).  There is no constitutional right for appellate counsel to pursue nonfrivolous points as requested by his client if counsel makes a professional judgment not to present those points.  Jones v. Barnes, 463 U.S. 745, 751 (1983).

As discussed previously, Barnett's decision to not object to the anonymous tip was a decision of trial strategy.  As discussed, _supra_, Barnett's decisions to not object to particular statements were not objectively unreasonable and were rather decisions of sound professional judgment.  See id.  Further, McDade fails to show that there is a reasonable probability that,

14

but for Burnett's decision, McDade would have prevailed on appeal. See Smith, 528 U.S. at 285. As for Barnett's decision not to raise on appeal a claim that he himself was ineffective trial counsel, not only would such a claim have been inappropriate for direct review, see United States v. Gordon, 346 F.3d 135, 136-37 (5th Cir. 2003), but also McDade is not prejudiced by the decision, see Massaro v. United States, 538 U.S. 500 (2003). Neither of these claims can serve a basis for McDade's claim that he was denied effective assistance of appellate counsel.

## VI.

## ORDER

For the reasons discussed above,

The court ORDERS that the motion of Michael McDade to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

SIGNED September 9, 2008.

_____
JOHN McBRYDE
United States District Judge